UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATDISON RUMLIN-HOWARD,

      Plaintiff,

v.                                                                 Case No. 8:24-cv-02925-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

      Defendant.

_____/

**ORDER**

    Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

    Plaintiff's mother filed an application for a child's disability benefits on behalf of Plaintiff (Tr. 396–406). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 185–91, 196–210).

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

Plaintiff then requested an administrative hearing (Tr. 211–12). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 1111–26). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 147–65). Subsequently, Plaintiff requested review from the Appeals Council, and the Appeals Council remanded the case back to an ALJ (Tr. 171–74). Following a second hearing before an ALJ, the ALJ again entered an unfavorable decision finding Plaintiff not disabled (Tr. 15–38). Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–6). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.    Factual Background and the ALJ's Decision

Plaintiff, who was born in 2006, claimed disability beginning on October 1, 2008 (Tr. 396–97). At the time her application was filed on August 19, 2020, and at the time of the ALJ's decision, Plaintiff was considered an adolescent (Tr. 19). Plaintiff alleged disability due to asthma, attention deficit hyperactivity disorder ("ADHD"), and a learning disability (Tr. 99).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since August 19, 2020, the application date (Tr. 19). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: ADHD and asthma (Tr. 19). Notwithstanding the noted impairments, the ALJ determined

2

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of the listings (Tr. 20).

In this regard, the ALJ considered the six domains of functioning, and found that Plaintiff had less than marked limitation in the domain of acquiring and using information (Tr. 26); marked limitation in attending and completing tasks (Tr. 27); less than marked limitation in interacting and relating with others (Tr. 28); no limitation in moving about and manipulating objects (Tr. 29); less than marked limitation in the ability to care for herself (Tr. 30); and less than marked limitation in health and physical well-being (Tr. 31). Because Plaintiff did not have an impairment or combination of impairments that resulted in either marked limitations in two domains of functioning or extreme limitations in one domain of functioning, the ALJ found Plaintiff not disabled (Tr. 31).

## II.

To be entitled to benefits, an individual under the age of 18 must demonstrate that they have a medically determinable physical or mental impairment that results in marked and severe functional limitations and can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i). Like the approach taken with adults, the Commissioner assesses child disability claims

using a sequential analysis. 20 C.F.R. § 416.924(a). The first step is for the Commissioner to determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If so, a finding of not disabled is warranted. 20 C.F.R. § 416.924(a) & (b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(a) & (c). If the child does not have a severe impairment, they are considered not disabled. 20 C.F.R. § 416.924(a) & (c). If a severe impairment exists, the third and final step in the analysis involves a determination of whether the child has an impairment that meets, medically equals, or functionally equals a set of criteria in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(a) & (d).

For a child's impairment(s) to functionally equal the Listings, the child's impairment(s) must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning. 20 C.F.R. § 416.926a(a). A child has a "marked" limitation in a domain when the impairment(s) interfere seriously with their ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(i). A "marked" limitation is "more than moderate" but "less than extreme." 20 C.F.R. § 416.926a(e)(2)(i). A child has an "extreme" limitation when the child's impairment interferes very seriously with the child's ability to independently initiate, sustain, or complete activities, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3)(i). An extreme limitation is assigned only to the worst limitations, but it does not necessarily mean a total lack or loss of ability to function. 20 C.F.R. § 416.926a(e)(3)(i).

In assessing functional equivalence, the Commissioner considers the child's functioning in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)–(vi), (g)–(l). These domains represent broad areas of functioning intended to encompass all that a child can or cannot do. Social Security Ruling ("SSR") 09-1P, 2009 WL 396031, at *1 (Feb. 17, 2009). Stated simply, if a child has an impairment that meets, medically equals, or functionally equals a listed impairment, and the impairment meets the duration requirement, the child will be found disabled. 20 C.F.R. § 416.924(a) & (d)(1). Conversely, if the child does not have such an impairment, or if the impairment does not meet the duration requirement, the child will be found not disabled. 20 C.F.R. § 416.924(a) & (d)(2).

As with claims by adults, a determination by the Commissioner that a child is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal

conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that they have conducted the proper legal analysis mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

## III.

Plaintiff argues that the ALJ erred by finding that Plaintiff had less than marked limitation in acquiring and using information. For the following reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

When an ALJ determines whether a child has an impairment or combination of impairments that functionally equals the severity of the listings, the ALJ considers all of the relevant evidence, including objective medical evidence and other relevant evidence from medical sources; information from other sources, such

as school teachers, family members, or friends; the claimant's statements (including statements from the claimant's parent(s) or other caregivers); and any other relevant evidence in the case record, including how the claimant functions over time and in all set tings (i.e., at home, at school, and in the community). 20 C.F.R. § 416.924a; SSR 09-2p. The ALJ evaluates the "whole child" in making findings regarding functional equivalence. 20 C.F.R. § 416.926a(b)–(c); SSR 09-1p. In determining the degree of limitation in each of the six functional equivalence domains, the ALJ considers all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, including the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 416.920(c), 416.929; SSR 16-3p. When a court reviews an ALJ's decision, the entire decision must be read as a whole. *Bloodsworth*, 703 F.2d at 1239 (The Court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence.").

Plaintiff argues that the ALJ's evaluation of the domain of acquiring and using information is not supported by substantial evidence. This domain concerns how well a child is able to acquire or learn information, and how well a child uses the information she has learned; it involves how well children perceive, think about, remember, and use information in all settings, which include daily activities at home, at school, and in the community. 20 C.F.R. § 416.926a(g); SSR 09-3p. Specifically, Plaintiff argues that the ALJ did not properly consider the potential overlap between attending and completing tasks, in which the ALJ found Plaintiff

to have marked limitation, and acquiring and using information; improperly limited his determination to consideration of learning impairments or intellectual deficits; and did not adequately consider Plaintiff's inability to stay awake and focused in class. In response, Defendant argues that the ALJ's opinion is supported by substantial evidence because, contrary to Plaintiff's position, a finding of marked limitation in one functional area does not mandate a similar finding in another area. Further, Defendant explains that the ALJ supports his decision with ample discussion of the entire record, including Plaintiff's presentation at her medical appointments, her education records, the evidence of malingering at her consultative examinations, and both prior administrative medical findings that similarly found Plaintiff with only "less than marked" limitations to her ability to acquire and use information.

First, Plaintiff relies on *Simmons ex rel. L.H. v. Berryhill*, No. 17 C 00065, 2018 WL 1138555 (N.D. Ill. Mar. 2, 2018), for the proposition that an ALJ should consider the overlap between acquiring and using information and attending and completing tasks. The case is not binding on this Court and is factually inapposite. In *Simmons*, the court identified several gaps in the ALJ's decision that supported its conclusion that "the ALJ did not sufficiently explain why she found that [the claimant] was not markedly limited in attending and completing tasks in light of the evidence." *Id.* at *3. The court explains that the ALJ did not consider SSR 09-3p, which explains that a child with restrictions in the ability to acquire and use information "may also have limitations in other domains." *Id.* at *4. Here, Plaintiff

attempts to stretch this reasoning to argue that since the ALJ found Plaintiff to have marked limitation in attending and completing tasks, this must mean she also has marked limitation in acquiring and using information. There is no such requirement that a finding of marked limitation in one functional domain mandates a similar finding in another functional domain. Furthermore, unlike in *Simmons*, the Plaintiff identifies no specific gaps in the record evidence that demonstrate the ALJ did not sufficiently explain his reasoning.

Plaintiff's other argument, that the ALJ limited his determination to a consideration of learning impairments or intellectual deficits and should have considered her inability to stay awake and focused in class, is likewise without merit. In addition to the analysis under the "Acquiring and Using Information" subtitle, earlier parts of the ALJ's decision contain ample support relevant to that functional domain. Indeed, the ALJ devoted multiple pages to a deeper discussion of the "whole child" earlier in his functional equivalence analysis. For example, the ALJ considered the following: testimony from Plaintiff's mother noting that Plaintiff falls asleep in school, has problems completing tasks on time, cannot stay focused in class, and has an Individualized Education Program ("IEP") for school that allows her extra time to take tests (Tr. 21); Plaintiff's history of treatment for ADHD, including periods of not taking her medication (Tr. 21); consultative examinations that showed Plaintiff's minimal effort, low focus, and low frustration tolerance (Tr. 22); Plaintiff's treatment at Chrysalis Health (Tr. 22); the opinion of State agency psychological consultants Byron Pack, Psy.D., and Damarys Sanchez,

Psy.D., finding "less than marked" limitation in acquiring and using information (Tr. 24); and the Teacher Questionnaire from Heather Shoup discussing the areas of acquiring and using information and attending and completing tasks (Tr. 24).

Without more, Plaintiff's argument that the ALJ did not properly consider the record with respect to the functional domain of acquiring and using information essentially invites this Court to reweigh the evidence and substitute its judgment in place of the ALJ's, which it cannot do. *Bloodsworth*, 703 F.2d at 1239. Accordingly, the ALJ's decision that Plaintiff does not functionally equal a listing is supported by substantial evidence.

**IV.**

After consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 25th day of February 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

10